[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S POST-TRIAL NOTIONS
In this matter the jury rendered a verdict in favor of the plaintiff in the amount of $138,745. The defendant thereafter filed Motion for Judgment Notwithstanding Verdict; Motion to Set Aside Verdict Due to Excessive Damages; and Motion to Set Aside Verdict Due to Errors in the Charge.
The background of these motions is as follows. The Defendant, Connecticut National Bank, formerly known as First National Bank of Hartford, qualified in the Plymouth Probate Court, on November 24, 1959 as Trustee of a Trust created under Paragraph Third of the Will of Ebba W. Hascall. The plaintiffs, Carol C. Shepard and Robert D. Cook, are the remaindermen of the Trust. The Trust has been subject to the jurisdiction of the Probate Court since 1959, and terminated on January 1, 1991, upon the death of Constance Cook Maynard, the sole remaining income beneficiary. Two residential properties located in Plymouth, Connecticut were significant assets of the Trust and constitute the focus of this action.
The Trust was in existence for approximately thirty two (32) years. During this period Accounts were filed by the Trustee on a regular basis with the Probate Court which accepted the Accounts after proper notice and hearings. In October, 1991, the Probate Court approved the Final Account after noting the objections of the plaintiffs-remaindermen who complained that the Trustee breached its duty to properly rent and maintain the real property. Thereafter the plaintiff initiated the present action, alleging that the defendant breached its fiduciary duty to maintain the property in good repair and to collect reasonable rents. The jury in this matter returned a verdict in the amount of $138,745. The instant motions followed.
The defendant first argues in its Motion for Judgment Notwithstanding the Verdict that General Statutes § 45a-24 bars CT Page 988 the plaintiffs from maintaining this action. § 45a-24 states in relevant part that "[a]ll orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." The defendant argues that this provision bars an action against it because the rental proceeds and maintenance expenses were shown on all accountings and approved by the Probate Court, thereby insulating the Probate Court's findings from a collateral attack.
In Dettenborn v. Hartford-National Bank Trust Co., the Supreme Court rejected the same argument made by the defendant in this case. In overruling the defendant's attempt to terminate an action against the trustee for breach of fiduciary duty on the grounds that the Probate Court had rendered a final accounting, the Dettenborn Court stated:
 To hold that where a trustee has filed his account in the Court of Probate and asked its allowance, the beneficiary, although cited into those proceedings, cannot thereafter bring an action in Superior Court to recover damages for claimed breaches of trust by the trustee would necessarily narrow and restrict the beneficiary's rights to enforce the collection of the amounts due him. An action by a beneficiary claiming damages from a trustee for his breach of duty in refusing to pay or deliver the trust fund or in the making of improper investments is one at law, triable by jury . . . To deny to a beneficiary in such a situation the right to prosecute an action in the ordinary courts because of the pendency of the probate proceedings would be to deprive him of rights and advantages in the enforcement of his claim which the law intends that he should have . . .
In this matter, the plaintiffs do not challenge the accounting, but rather the trustee's discharge of his duties. As such, the plaintiff's action is not barred by § 45a-24 and is in fact authorized under the Dettenborn rule. See, also, Carten v.Carten, 153 Conn. 603 (1966). CT Page 989
The defendant next argues that the plaintiffs, as remaindermen, were not entitled to recover as damages lost rental proceeds since the will allocated those proceeds exclusively to the income beneficiaries. Paragraph Third of the will provides: "All the rest, residue and remainder of my estate of every kind and nature, I give devise and bequeath to The First National Bank of Hartford, Connecticut, in trust, nevertheless, to hold and manage the same, and with the exception of the real estate, to invest and reinvest the same, and pay over the net income thereof, after paying the expenses of administering the same, to my nephew for his lifetime . . ." (emphasis supplied).
The plaintiff argues, and the court agrees, that the phrase "with the exception of the real estate" constitutes an exclusion to the general mandate of paragraph third of the will that the corpus of the estate be invested and the income paid over to the life beneficiaries. If the defendant's interpretation were adopted, the phrase, "with the exception of the real estate", would have no independent meaning or purpose, and would constitute mere surplusage. By excepting the real estate from the proviso that the residue of the estate be invested and reinvested, the testator communicated her apparent intention that proceeds from the real estate not be treated the same as all the other assets constituting the trust corpus. As such, the plaintiffs are not barred from seeking recovery of rental income.
In its Motion to Set Aside the Verdict due to errors in the jury charge, the defendant claims that it was error for the court to instruct the jury that, as the fiduciary, Hartford National Bank had the burden of disproving the plaintiff's claim of breach of fiduciary duty by clear and convincing evidence. This charge was based on the rule of Dunham v. Dunham, 204 Conn. 303 (1987). In that case, the Supreme Court reviewed the standards for proof of a confidential, or fiduciary relationship, and the obligations which attach to such a relationship:
 A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him.
CT Page 990
 Proof of a fiduciary relationship therefore imposes a two fold burden upon the fiduciary. Once "a [f]iduciary relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary. Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence, or clear, convincing and unequivocal evidence.
Dunham v. Dunham, supra, 322-23. Based on the factual allegations presented by the plaintiff, the court believes that the jury was properly instructed in accordance with the Dunham
case.
Finally, in its Motion for Remittitur, the defendant seeks a reduction in the jury verdict based on the evidence presented concerning the appraised value of the property. As with any other testimony, the jury was entitled to credit, in whole or in part, the testimony of the appraiser and the reasonable inferences to be drawn from that testimony. In light of all of the testimony presented concerning the property and the decision by the defendant to in effect abandon that property, the jury was amply justified in its award of damages.
For the foregoing reasons, the defendants' Motion for Judgment Notwithstanding the Verdict; Motion to Set Aside Verdict, and Motion for Remittitur are denied.
SO ORDERED.
Robert L. Holzberg, J.